# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MARTIN GROSS, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 10-2380 |
| R.T. REYNOLDS et al., | : | |
| Defendants. | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                  **February 28, 2013**

Martin Gross brings this lawsuit against R.T. Reynolds, Inc. (Reynolds), Harrisburg University of Science and Technology (Harrisburg University), Ike Sholley, Wayne Spahr, Ron Whisker, Todd Buzard, Eric Darr, and Dave Angle (collectively, Defendants). Gross asserts claims under 42 U.S.C. § 1981 against all defendants (Count I); he also asserts state law claims against Reynolds for breach of contract and breach of the duty of good faith and fair dealing (Count II). Defendants moved to dismiss Gross' second amended complaint. For the following reasons, I will grant the motion.

## I. BACKGROUND

### A. Factual History

Briefly summarized,[1] Gross' lawsuit stems from a construction project at Harrisburg University for which he was a subcontractor. Reynolds was the general contractor for the project. Sholley, Spahr, Whisker, Buzard, and Angle are Reynolds employees. Darr is Harrisburg University's president.

---

[1] As I will explain, Gross' second amended complaint adds no material allegations to his amended complaint, the facts of which were thoroughly fleshed out by this court and the Third Circuit. Gross v. Reynolds, CIV.A. 10-2380, 2011 WL 4402106, at *1-2 (M.D. Pa. Sept. 22, 2011); Gross v. R.T. Reynolds, Inc., 487 F. App'x 711, 713-15 (3d Cir. 2012). I therefore provide only a synopsis of the events giving rise to Gross' lawsuit.

Gross and his colleague, James White, are African American. Gross does business as "The Art I Do," which is a certified disadvantaged business under Harrisburg City's disadvantaged business program. Gross alleges that Whisker and Spahr solicited him to provide painting services for the Harrisburg University project and negotiated with him on behalf of Reynolds. In May 2007, Gross and White entered into a subcontracting agreement with Reynolds. Gross alleges that Sholley, Buzard, and Angle were involved in managing the contract.

Gross claims that Reynolds and its employees inhibited performance of the contract for discriminatory reasons. Gross alleges that Reynolds contracted with him only to enhance its position in the bidding process and that Reynolds never intended to fully perform; that Reynolds and its employees sabotaged Gross' work schedule by granting preferences to non-minority contractors; that Reynolds arbitrarily removed certain jobs from Gross' workload; and that Reynolds hired non-minority contractors to perform jobs he originally bid on. White complained to Harrisburg University about the allegedly discriminatory behavior of Reynolds and its employees. Gross alleges that Darr surreptitiously questioned Gross in response to White's complaints and that Sholley demanded Gross remove White from the project.

Gross claims that although he completed all of his contractual obligations by April 2009, Reynolds still owes him $88,000 to $120,000 under the contract.

B. **Procedural History**

Gross filed his original complaint in November 2010, alleging constitutional violations pursuant to 42 U.S.C. § 1983 in addition to his claims under § 1981 and state

law.[2]  Defendants moved to dismiss.  Gross responded in March 2011 by filing an amended complaint, which Defendants also moved to dismiss.[3]

In September 2011, I granted Defendants' motion to dismiss.  I concluded that Gross failed to allege plausible § 1981 and § 1983 claims against any of the defendants, Gross v. Reynolds, CIV.A. 10-2380, 2011 WL 4402106, at *4-8 (M.D. Pa. Sept. 22, 2011), and I declined to exercise supplemental jurisdiction over Gross' state law claims for breach of contract and breach of the duty of good faith and fair dealing, id. at *9.

Gross appealed to the United States Court of Appeals for the Third Circuit, which issued its decision in early July 2012.  The court agreed with me that Gross' amended complaint failed to state plausible § 1981 and § 1983 claims.  Gross v. R.T. Reynolds, Inc., 487 F. App'x 711, 716-20 (3d Cir. 2012).  Nonetheless, because my order granting the motion was ambiguous regarding Gross' ability to cure, the court remanded the case with instructions for me "to determine and explain in the first instance whether leave to amend should be granted or whether further amendment would be futile or inequitable." Id. at 721.

I subsequently issued an order dismissing Gross' claims without prejudice to his ability to file a second amended complaint, which he did in late July 2012.[4]  He does not reassert his § 1983 claims, acknowledging that he "has nothing more to plead" in that

---

[2] Gross also named as defendants D.E. Gimmell, Inc., Graystone Bank, and Dellanor Young.
[3] Gross voluntarily dismissed D.E. Gimmell, Inc. as a party in August 2011.
[4] I dismissed Gross' claims against Graystone Bank with prejudice because they were time-barred.

regard. Doc. No. 64 ¶ 1.[5]  Defendants moved to dismiss Gross' remaining § 1981 and state law claims.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "[C]onclusory or 'bare-bones' allegations will no[t] . . . survive a motion to dismiss."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

My inquiry at the motion to dismiss stage is two-fold.  First, I must separate the factual and legal elements of each claim.  I "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler, 578 U.S. at 210-11.  And second, I must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. (quoting Iqbal, 556 U.S. at 679).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

[5] Gross also dropped Dellanor Young as a defendant.

'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Section 1981 Claims (Count I)

In a lengthy introductory statement to his second amended complaint, Gross concedes "that there is not a considerable amount more . . . that can be added at this point." Doc. No. 64 ¶ 1. Instead, he "submits that his amended complaint is supported abundantly by facts that, together with their reasonable inferences, far and easily surpasses [sic] scrutiny under the federal notice pleading standard." Id. To this end, Gross attacks my holding, affirmed by the Third Circuit, that his amended complaint failed to state plausible § 1981 claims. Gross contends that the Third Circuit and I "exceeded standard of review[] and impose[d] a heightened pleading standard." Id.; see also Doc. No. 69 at 1 ("[P]laintiffs view the issue as one of the failings of this Court and the Third Circuit . . . in applying the standard of review, and that, going back to the original complaint, plaintiffs have clearly set out a claim pursuant to 42 U.S.C. § 1981.").

This is all, of course, quite unavailing to Gross, who sought and received an opportunity to cure his deficient amended complaint but who submitted a virtually identical second amended complaint. Consequently, Gross' second amended complaint warrants dismissal for the same reasons identified in my prior memorandum, Gross, 2011 WL 4402106, at *4-8, and that of the Third Circuit, Gross, 487 F. App'x at 716-20. I write briefly simply to note that the changes Gross did make cannot save his lawsuit.

As for Gross' § 1981 claims, Gross adds nothing material to the allegations the Third Circuit and I found to be insufficient. He merely tacks on conclusory allegations of discrimination, Doc. No. 64 ¶ 19 ("[O]ne of the reasons that Reynolds had apprehensions about working with the plaintiffs was based upon the race of Martin Gross and James White."), id. ("[E]ach of the individual [Reynolds] defendants was motivated by their [sic] racial animus throughout their [sic] dealings with the plaintiffs[] and with Mr. White."), id. ¶ 25 ("It all related primarily to plaintiff's race."), id. ¶ 30 (" . . . all of which was motivated plaintiff's race."), id. ¶ 32 ("[The individual Reynolds defendants were] all motivated by racial animus in their mistreatment of plaintiff."), id. ¶ 38 ("Reynolds was motivated by racial animus in removing this work from plaintiff's contract."), id. ¶ 47 ("This was all motivated by the plaintiff's race."), id. ¶ 48 ("[A]ll of these actions by the defendants was [sic] motivated by the plaintiff's race."), none of which are supported by new facts. As the Third Circuit and I determined previously, Gross cannot advance his lawsuit with factually unsupported conclusions. Gross, 2011 WL 4402106, at *4-8; Gross, 487 F. App'x at 716-17.

Gross does add one new allegation to his second amended complaint. He alleges that Harrisburg University and Darr had "ultimate responsibility for all the issues relating to the . . . construction project," that they "knew of and acquiesced in the course of discriminatory treatment to which plaintiffs were subjected," and that they "failed and refused to take appropriate action to enforce the provisions of its contract with Reynolds, all motivated by plaintiff's race." Doc. No. 64 ¶ 51. Gross is apparently responding to my finding that he failed to plausibly allege either Harrisburg University or Darr

"interfered in the contractual relationship between [he and] Reynolds." Gross, 2011 WL 4402106, at *6; see also Gross, 487 F. App'x at 717-18. Gross' new allegation is still too vague to support a reasonable inference that either Harrisburg University or Darr impaired his contract with Reynolds. He does not allege how these defendants "failed and refused to take appropriate action to enforce" his contract with Reynolds or how they "knew of and acquiesced in the course of discriminatory treatment." Absent any facts to support these conclusions, Gross' allegation fails to pass muster.

Even if Gross did plausibly allege that Harrisburg University or Darr impaired his contract with Reynolds, there is no plausible allegation that they did so for reasons related to race. Gross' claim that that Harrisburg University or Darr were "motivated by plaintiff's race" is a factually unsupported conclusion. And his claim that they "acquiesced in the course of discriminatory treatment to which plaintiffs were subjected" is unavailing where Gross has failed to plausibly allege that any other defendant discriminated against him.

Gross' second amended complaint fails to state plausible § 1981 claims against any of the defendants. He has now had three opportunities to set forth plausible claims. He filed his amended complaint with the benefit of Defendants' first motion to dismiss. He filed his second amended complaint with the benefit of my memorandum and that of the Third Circuit. A party's repeated failure to cure deficiencies by amendments previously allowed is a ground for dismissal with prejudice. Foman v. Davis, 371 U.S. 178, 182 (1962); USX Corp. v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004). Gross' § 1981 claims are therefore dismissed with prejudice.

### B. State Law Claims (Count II)

Having dismissed Gross' federal claims, and again finding no compelling reasons to exercise supplemental jurisdiction over his state law claims for breach of contract and breach of the duty of good faith and fair dealing, Gross, 2011 WL 4402106, at *9, I will dismiss those claims without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Count I of Gross' second amended complaint is dismissed with prejudice. Count II is dismissed without prejudice.

An appropriate order follows.